UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 16-10174-GAO

UNITED STATES OF AMERICA,

v.

CHRISTOPHER SAEMISCH,
Defendant.

ORDER
March 1, 2019

O'TOOLE, D.J.

After hearing, the Court makes the following rulings on motions in limine, all of which are subject to revision as needed by developments at trial:

The government's Motion in Limine to Preclude Argument of Entrapment Absent Sufficient Proffer (dkt. no. 131) is GRANTED to the extent the defendant is precluded from proposing the defense in his opening statement. At this point, the defendant has not adduced "hard evidence" showing that he was "not predisposed to commit [the] crime," a necessary prerequisite to the assertion of an entrapment defense. United States v. Vasco, 564 F.3d 12, 18 (1st Cir. 2009) (quotation omitted).

The defendant's Motion in Limine to Exclude Thumb Drives as Evidence (dkt. no. 145), Motion in Limine to Exclude Evidence of Defendant's Association with or Babysitting of Children (dkt. no. 147), and Motion in Limine to Exclude Evidence of Possible Travel to Europe (dkt. no. 149) are DENIED substantially for the reasons argued by the government.

The defendant's Motion in Limine to Exclude Evidence of Defendant's Nudist Activities (dkt. no. 148) is GRANTED. The evidence is potentially inflammatory and thus unduly prejudicial, and it is not directly probative of the offense charged. See Fed. R. Evid. 403.

The government's Motion in Limine to Admit Evidence of Other Crimes of Child Molestation (dkt. no. 139) and the defendant's Motion in Limine to Exclude Evidence Associated with His Kansas State Conviction (dkt. no. 146) remain under advisement pending the parties' discussion of a potential agreed resolution.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge